Leland Eugene Backus, Esq.
Nevada State Bar No. 473
James J. Conway, Esq.
Nevada State Bar No. 11789
**BACKUS, CARRANZA & BURDEN**
3050 South Durango Drive
Las Vegas, NV 89117
(702) 872-5555
gbackus@backuslaw.com
Attorneys for Defendants,
*David Grieshaber and*
*Aradia Investments, Inc.*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| FRANCINE DYCHIUCHAY, aka Francine Dee, aka, Djhoanna Dee, a single woman, | Case No. 2:14-CV-00354-JCM-GWF |
| Plaintiff, | <u>ORDER</u> |
| vs. | |
| DAVID GRIESHABER; ARADIA INVESTMENTS, INC., a California corporation; DOES I through X, ROE CORPORATIONS I through X, inclusive, | |
| Defendants. | |

I.  <u>SUMMARY</u>

Before the Court is Defendants, DAVID GRIESHABER'S and ARADIA INVESTMENTS, INC.'S Motion to Dismiss Plaintiff, FRANCINE DYCHIUCHAY's Complaint Pursuant to Fed. R. Civ. P. 12(b)(2) [Docket #4], and Plaintiff, FRANCINE DYCHIUCHAY's Motion for Preliminary Injunction, filed in Clark County, Nevada District Court prior to the removal of this matter to federal court.

Oral argument was held on April 21, 2014, the Honorable James C. Mahan president, Marc P. Cook, Esq. of Bailus Cook & Kelsis, Ltd., appearing on behalf of Plaintiff, FRANCINE

DYCHIUCHAY, and James J. Conway, Esq. of Backus, Carranza & Burden, appearing on behalf of Defendants, DAVID GRIESHABER and ARADIA INVESTMENTS, INC.

On April 21, 2014, this Honorable Court granted Defendants' Motion to Dismiss Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(b)(2) [Docket #4]. As a result, this Honorable Court vacated Plaintiff's Motion for Preliminary Injunction as said motion is moot. In addition, the Court also vacated Plaintiff's Motion for Sanctions Pursuant to FRCP Rule 11 [Docket #16] as said motion is also moot.

## II. BACKGROUND

Plaintiff, FRANCINE DYCHIUCHAY, entered into a written contract with Defendants, DAVID GRIESHABER and ARADIA INVESTMENTS, INC., on or about May 20, 1998. The contract constituted a written agreement whereby Plaintiff, FRANCINE DYCHIUCHAY, and Defendants, DAVID GRIESHABER and ARADIA INVESTMENTS, INC., would engage in the creation and maintenance of a website on which Plaintiff would provide modeling services.

On February 11, 2014, Plaintiff, FRANCINE DYCHIUCHAY, filed a Complaint in the Eighth Judicial District Court for Clark County, Nevada, bearing case number A-14-695973. The Complaint named DAVID GRIESHABER and ARADIA INVESTMENTS, INC. as Defendants. On February 19, 2014, Plaintiff, FRANCINE DYCHIUCHAY, filed in Clark County District Court a Motion for Preliminary Injunction requesting the prohibition of Defendants, DAVID GRIESHABER's and ARADIA INVESTMENTS, INC.'s utilization of Plaintiff's likeness on certain internet websites.

On March 7, 2014, Defendants, DAVID GRIESHABER and ARADIA INVESTMENTS, INC., timely removed this action to federal court [Docket #1]. Thereafter, on March 12, 2014, Defendants, DAVID GRIESHABER and ARADIA INVESTMENTS, INC., filed a Motion to Dismiss Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction [Docket #4].

On March 20, 2014, Plaintiff, FRANCINE DYCHIUCHAY, filed her Response in Opposition to Defendants' Motion to Dismiss Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(b)(2) [Docket #11]. On March 31, 2014, Defendants filed their Reply in Support of their Motion to Dismiss [Docket #14].

As noted above, Plaintiff, FRANCINE DYCHIUCHAY, originally filed a Motion for Preliminary Injunction in Clark County District Court prior to the March 7, 2014 removal of this action to federal court. On March 13, 2014, Defendants filed their Opposition to Plaintiff's Motion for Preliminary Injunction [Docket #6]. On March 20, 2014, Plaintiff filed her Reply to Defendants' Opposition to Plaintiff's Motion for Preliminary Injunction [Docket #10].

Pursuant to this Court's April 7, 2014 Minute Order [Docket #15], oral argument regarding Defendants' Motion to Dismiss Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(b)(2) and Plaintiff's Motion for Preliminary Injunction was scheduled for April 11, 2014. Thereafter, oral argument for said motions was rescheduled to April 21, 2014, pursuant to this Court's April 9, 2014 Minute Order [Docket #19].

In addition, on April 8, 2014, Plaintiff filed a Motion for Sanctions Pursuant to FRCP Rule 11 [Docket #16].

### III. DISCUSSION

#### A. LEGAL STANDARD

Fed. R. Civ. P. 12(b)(2) permits a defendant, by way of motion, to assert the defense that a court lacks personal jurisdiction over the defendant. Fed. R. Civ. P. 12(b)(2) states:

> (b) HOW TO PRESENT DEFENSES. Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion
> . . . . .
>     (2) lack of personal jurisdiction…

Due process requires that a defendant have minimum contacts with the forum such that the maintenance of the suit will not offend "traditional notions of fair play and substantial justice."

3

*Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)).

Minimum contacts can give rise to either general or specific jurisdiction. *LSI Industries, Inc. v. Hubbell Lighting, Inc.*, 232 F.3d 1369, 1375 (Fed.Cir.2000). General jurisdiction exists where a defendant maintains "continuous and systematic" ties with the forum state, even if those ties are unrelated to the cause of action. *Id.* (citing *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414-16 (1984)). Specific jurisdiction exists where the claims "arise out of" or "relate to" the contacts with the forum, even if those contacts are "isolated or sporadic." *Id.*

General jurisdiction "approximates physical presence" in that state. *Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1086 (9th Cir.2000). The general jurisdiction "standard is 'fairly high' and uncommonly met." *Brand v. Menlove Dodge*, 796 F.2d 1070, 1073 (9th Cir.1986) (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984)).

In order for a court to have specific jurisdiction over a defendant, the defendant must have made deliberate contact "with the forum state that relates to the cause of action." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472, 105 S.Ct. 2174, 2182, 85 L.Ed.2d 528 (1985). In addition, the exercise of specific jurisdiction must be reasonable. *Id.* at 472, 105 S.Ct. at 2182, 85 L.Ed.2d 528 (1985).

The Ninth Circuit Court of Appeals has established a three-part test to determine whether specific personal jurisdiction comports with due process: (1) the nonresident defendant must have done some act or consummate some transaction by which he purposely avails himself of the privilege of conducting activities in the forum; (2) the claim must arise out of the defendant's forum-related activities; and (3) the exercise of jurisdiction must be reasonable. *Data Disc, Inc. v. Systems Technology Associates, Inc.*, 557 F.2d 1280, 1287 (9th Cir.1977).

When a defendant moves to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), the plaintiff bears the burden of demonstrating that the court has

jurisdiction over the defendant. *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir.2006). To meet this burden, a plaintiff must demonstrate that personal jurisdiction over a defendant is (1) permitted under the applicable state's long-arm statute and (2) that the exercise of jurisdiction does not violate federal due process. *Id.*

"Nevada's long arm statue, NRS 14.065, reaches the limits of due process set by the United States Constitution." *Baker v. Dist. Ct.*, 116 Nev. 527, 531, 999 P.2d 1020, 1023 (2000).

### B.  ANALYSIS

The Court finds that Defendants, DAVID GRIESHABER and ARADIA INVESTMENTS, INC., have not established sufficient minimum contacts with the state of Nevada in order to justify the conference of personal jurisdiction over Defendants by this Honorable Court. Furthermore, the Court finds that jurisdiction in this matter may not be conferred upon Defendants merely because Plaintiff has relocated to Nevada. The Court further found that Defendants' contacts with the forum was a result of Plaintiff's relocation to the forum.

Therefore, the Court grants Defendants' Motion to Dismiss Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(b)(2) [Docket #4]. In addition, this Honorable Court vacated Plaintiff's Motion for Preliminary Injunction as said motion is moot. Furthermore, this Court also vacated Plaintiff's Motion for Sanctions Pursuant to FRCP Rule 11 [Docket #16] as said motion is moot.

### IV.  CONCLUSION

**IT IS HEREBY ORDERED** that Defendants DAVID GRIESHABER'S and ARADIA INVESTMENTS, INC.'s Motion to Dismiss Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(b)(2) [Docket #4] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff FRANCINE DYCHIUCHAY's Motion for Preliminary Injunction is vacated and found by the Court to be moot.

///

///

**IT IS FURTHER ORDERED** that Plaintiff FRANCINE DYCHIUCHAY's Motion for Sanctions Pursuant to FRCP Rule 11 [Docket #16] is vacated and found by the Court to be moot.

DATED May 1, 2014.

_____
UNITED STATES DISTRICT JUDGE

Respectfully Submitted,

**BACKUS, CARRANZA & BURDEN**

By: /s/ James Conway
Leland Eugene Backus, Esq.
James J. Conway, Esq.
3050 South Durango Drive
Las Vegas, NV 89117
Attorneys for Defendants,
*David Grieshaber and Aradia Investments, Inc.*

Approved as to form and content,

**BAILUS COOK & KELESIS, LTD.**

By: /s/ Marc Cook
Marc P. Cook, Esq.
517 S. 9th Street
Las Vegas, NV 89101
Attorneys for Plaintiff,
*Francine Dychiuchay*