UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| FRANCINE DYCHIUCHAY, | Case No. 2:14-CV-354 JCM (GWF) |
| Plaintiff(s), | ORDER |
| v. | |
| DAVID GRIESHABER, et al., | |
| Defendant(s). | |

Presently before the court is plaintiff's motion for reconsideration of the court's May 1, 2014, order and judgment (doc. 25 & 26) regarding defendants' motion to dismiss for lack of personal jurisdiction. (Doc. # 27). Defendants filed a response (doc. # 29) and plaintiff filed a reply (doc. # 32).

Also before the court is plaintiff's motion to remand to state court for lack of subject matter jurisdiction. (Doc. # 28). Defendants filed a response (doc. # 30) and plaintiff filed a reply (doc. # 31).

Finally before the court is defendants David Grieshaber's ("Grieshaber") and Aradia Investments, Inc.'s ("Aradia") motion for sanctions pursuant to federal rule of civil procedure 11 (doc. # 33). Plaintiff filed a response (doc. # 34) and defendants filed a reply (doc. # 35).[1]

**I.   Background**

This case stems from a 1998 written contract. (*See* doc. # 25). Plaintiff agreed to model for explicit photos for defendants' website. (*See* doc. # 1). The parties negotiated and executed the contract in California. (*See id.*). At that time, all parties were citizens of California. (*See*

---

[1] The court notes its displeasure that both plaintiff's and defendants' briefs are riddled with errors to a point that push the boundaries of professionalism.

**James C. Mahan**
**U.S. District Judge**

*id.*).  Plaintiff relocated to Las Vegas around 2004 and continued to perform under the agreement. Plaintiff requested the site be taken down at some point in 2013.

Plaintiff filed a complaint in the Eighth Judicial District Court for Clark County, Nevada on February 11, 2014. (Doc. # 25). Defendants removed this action on March 7, 2014 to federal court (doc. # 1) and filed a motion to dismiss for lack of personal jurisdiction on March 12, 2014 (doc. # 4). This court held oral argument on April 21, 2014.

Defendants argued that this court did not have personal jurisdiction over defendants and must dismiss the case. Plaintiff argued that she had been a resident of Nevada for the past ten years and defendants, who market themselves world-wide, maintained contacts with her. Therefore, plaintiff asserted that defendants maintained sufficient minimum contacts in the state of Nevada for this court to have personal jurisdiction over defendants.  The court found defendants did not have sufficient minimum contacts with the state of Nevada for the court to exercise personal jurisdiction over defendants and granted defendants' motion to dismiss. (Doc. # 25).

Plaintiff now asks the court to reconsider its order and remand the action to state court. Defendants ask the court to impose sanctions on plaintiff for wasting the court's time and bringing frivolous and meritless motions.

Because this court's ability to decide on plaintiff's motion to reconsider and defendants' motion for sanctions is dependent on the court's jurisdiction over the case, the court will consider plaintiff's motion to remand to state court first.

**II.** **Motion to remand to state court**

Plaintiff asserts that defendant Aradia's primary place of business is Nevada. Therefore, because plaintiff is a Nevada resident, there is not complete diversity, and this court must remand the action to state court.

Defendants assert that defendant Aradia is a California corporation and that removal of this matter was proper under this court's diversity jurisdiction.

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

1           *A. Timeliness of plaintiff's request for remand*

2  Defendants claim that plaintiff's motion to remand is not based on subject matter
3  jurisdiction. Therefore, because more than 30 days have passed since the filing of the notice of
4  removal, plaintiff's motion to remand is untimely and time-barred under 28 U.S.C. § 1447(c).[2]

5  Though a plaintiff wishing to challenge removal must move for remand within 30 days of
6  filing the notice of removal, objections to the court's subject matter jurisdiction may be raised at
7  any time. 28 U.S.C. § 1447(c).

8  Defendants erroneously assert that diversity jurisdiction is a defect other than lack of
9  subject matter jurisdiction. (*See* doc. # 30). Therefore, defendants claim plaintiff's motion is
10  subject to the 30-day time limitation. (*See id.*). The two primary sources of subject matter
11  jurisdiction of the federal courts, however, are diversity jurisdiction and federal question
12  jurisdiction.

13  Because plaintiff challenges the complete diversity of the parties, she clearly challenges
14  the subject matter jurisdiction of this court. Therefore, the 30 day time limit does not apply to
15  her challenge and this court must assess whether the court must remand due to lack of subject
16  matter jurisdiction.

17           *B. Merits of plaintiff's motion to remand*

18  For a district court to have diversity jurisdiction under 28 U.S.C. § 1332, parties must be
19  completely diverse and the amount in controversy must exceed $75,000.[3] *See* 28 U.S.C. §
20  1332(a); *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1098 (9th Cir. 2003).

21

22  Under 28 U.S.C. § 1441, "any civil action brought in a State court of which the district
23  courts of the United States have original jurisdiction, may be removed by the defendant or the

---

[2] 28 U.S.C. § 1447(c) states, "A motion to remand the case on the basis of **any defect other than lack of subject matter jurisdiction** must be made within 30 days after the filing of the notice of removal under section 1446(a). **If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."** 28 U.S.C. § 1447(c) (emphasis added).

[3] Neither party challenges the amount in controversy requirement; however, based on misrepresentations by defendants this court finds it appropriate to evaluate the amount in controversy requirement.

**James C. Mahan**
**U.S. District Judge**

defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

Removal of a case to a United States district court may be challenged by motion. 28 U.S.C. § 1441(c). A federal court must remand a matter if there is a lack of jurisdiction. *Id.* Removal statutes are construed restrictively and in favor of remanding a case to state court. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.1992). On a motion to remand, the removing defendant faces a strong presumption against removal, and bears the burden of establishing that removal is proper. *Gaus*, 980 F.2d at 566–67; *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403–04 (9th Cir.1996).

*1. Diversity*

Plaintiff asserts that this court does not have subject matter jurisdiction. Plaintiff argues that defendant Aradia's principal place of business is Nevada, which destroys complete diversity between plaintiff and defendants.

Specifically, plaintiff asserts that there is no diversity because (1) Aradia uses an office located at 5940 South Rainbow Boulevard, Las Vegas, Nevada 89118; (2) the same Nevada address is listed on Aradia's website as the main address of the company; (3) "significant company assets," including a computer, video cameras, and modeling lights are located in Las Vegas, Nevada; (4) the principal place of business is Nevada, because the website chats and videos with plaintiff occurred in Nevada; and (5) in response to requests for required recordkeeping under 18 U.S.C. § 2257, defendants listed the 5940 South Rainbow Boulevard address in Nevada.

Defendants' opposition brief does almost nothing to attempt to meet its burden of establishing removal as proper. Defendants assert that diversity is complete because plaintiff stated in her complaint that defendant Aradia was a California, not a Nevada corporation. Defendants also spend the majority of their opposition brief arguing that plaintiff's claim is time-barred because diversity jurisdiction is not a subject matter jurisdiction issue. As discussed above, this is incorrect and plaintiff's motion to remand is not time barred.

**James C. Mahan**
**U.S. District Judge**

- 4 -

In the context of diversity jurisdiction, a corporation is a citizen of (1) the state under whose laws it is organized or incorporated; and (2) the state of its "principal place of business." 28 U.S.C. § 1332(c)(1). In *Hertz Corp. v. Friend,* the Supreme Court held that a corporation's principal place of business is solely determined by the state of its "nerve center." *Hertz*, 130 S.Ct. 1181, 1184 (2010).

A corporation's nerve center is "where a corporation's officers direct, control, and coordinate the corporation's activities ... [a]nd in practice it should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination." *Hertz,* 130 S.Ct at 1192. Where a corporation maintains a presence in a plaintiff's state of citizenship, such as here, this fact does not necessarily defeat diversity.

Diversity of citizenship continues to exist unless the corporation's "executive-level decisions" are made in the offices or facilities maintained in the plaintiff's home state. *Blanford v. Suntrust Mortg., Inc.*, No 2:12-cv-852-JCM-RJJ, 2012 WL 3277139, *2 (D. Nev. Aug. 9 2012) (citing *L'Garde, Inc. v. Raytheon Space & Airborne Sys.,* 805 F.Supp.2d 932, 940–41 (C.D.Cal.2011)). Where, however, those decisions take place in another state, the nerve-center test dictates that the citizenship of the company falls in the other state. *Id.*

Plaintiff named defendant Aradia as "a California corporation" in her complaint's caption. (*See* doc. #1). Months later, after this court dismissed plaintiff's complaint based on lack of personal jurisdiction over the defendants, plaintiff now alleges that defendant Aradia is actually a Nevada corporation. The facts plaintiff alleges, however, do not suggest the level of control and "executive-level decisions" one expects of a headquarters or "nerve center."

Plaintiff basically asserts that Nevada is Aradia's principal place of business because she resides in and operates out of Nevada. The "significant company assets" plaintiff alleges are a laptop, video cameras, modeling lights and various other pieces of equipment that are for the sole purpose of plaintiff recording her videos. Plaintiff's move to Nevada was a personal choice; there is no indication that her relocation to Nevada is in any way connected to business operations. The nature of the business simply allowed plaintiff to relocate to her state of choice.

James C. Mahan
U.S. District Judge

- 5 -

1  Therefore, the presence of "significant company assets" in Nevada, otherwise recognized as
2  plaintiff's equipment to record her videos, does not suggest that Aradia's nerve center is in
3  Nevada.
4      Further, the fact that the website listed Aradia's main office location as 5940 South
5  Rainbow Boulevard, Las Vegas, Nevada 89118 is hardly indicative of a principal place of
6  business. The address at South Rainbow Boulevard is identified in the briefs and exhibits only
7  as where business records are maintained. A storage facility in Nevada—where a custodian of
8  records keeps paperwork, but no executives are alleged to work out of—does not establish
9  Nevada as Aradia's principal place of business. Therefore, the court finds that defendant
10  Aradia's principal place of business is, as plaintiff originally provided in her complaint, in
11  California.
12      Because this court finds diversity complete, the court must now consider the amount in
13  controversy requirement.
14      *2. Amount in controversy*
15      Though neither party discusses the amount in controversy requirement, the court finds it
16  necessary to do so.
17      Where the complaint does not establish the amount in controversy, the "removing
18  defendant bears the burden of establishing, by a preponderance of the evidence, that the amount
19  in controversy exceeds [$75,000]." *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th
20  Cir. 1996); *see also Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 701 (9th Cir. 2007);
21  *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).
22      Defendants, in their notice of removal, misrepresent what plaintiff's complaint and
23  affidavit state. Defendants say, "[p]laintiff claims ***monthly*** damages which "far exceed"
24  $2000.00 to $3000.00 from November of 1998 to the present, a time frame of more than fifteen
25  (15) years which is tantamount to a claim in far [sic] in excess of $540,000.00." (*See* doc. # 1)
26  (emphasis original). What plaintiff's complaint actually states is the payments plaintiff should
27  have received based on a division of profits "would have far exceeded the approximately
28  $2,000.00 to $3,000.00 Affiant received most months." Plaintiff alleges no specific numbers,

James C. Mahan
U.S. District Judge

- 6 -

1  stating only that "after Affiant complained and requested termination of the website . . . those
2  [$2,000.000 to $3,000.00] checks reduced to significantly to [sic] under $1,000.00 per month."
3  (*Id.*, Exh. C.)

4      The statement by plaintiff is very different from what defendants suggest it to mean.
5  Even if the court assumed that plaintiff lost $3,000.00 per month (which is significantly more
6  than alleged) after her complaint and request for termination, it would take more than two years
7  of monthly $3,000.00 losses for the statutory amount in controversy requirement to be met.

8      Based on the facts alleged, in 2013 plaintiff made "certain life choices" and decided she
9  wanted to cancel the contract. Plaintiff began her requests for a wind down and termination of
10 the business relationship in August 2013, and filed her initial complaint in state court in February
11 2014. From this timeline it seems highly implausible that the damages plaintiff incurred
12 exceeded $75,000.00.

13     Further, though plaintiff's complaint states that she has been "substantially and materially
14 harmed in an amount to be proven and determined at trial, but in an amount in excess of the
15 Court's minimal jurisdictional requirement," this is not specific enough to meet the required
16 threshold.[4]

17     Defendants have failed to prove, by a preponderance of the evidence, that the amount in
18 controversy exceeds $75,000. Because the case at issue was based solely in diversity, the
19 statutory requirements for this court to exercise jurisdiction have not been met. Therefore the
20 court finds that this case must be remanded to state court.

21     Accordingly,

22     IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff's motion to
23 remand to state court for lack of subject matter jurisdiction (doc. # 28), be GRANTED.

24 . . .
25 . . .
26 . . .

---

28     [4] The court also notes that plaintiff filed her complaint in state court. State court, as a court of general jurisdiction, has no amount in controversy requirement. Therefore, this language was superfluous in the plaintiff's chosen forum.

**James C. Mahan**
**U.S. District Judge**

- 7 -

1   IT IS FURTHER ORDERED that plaintiff's motion for reconsideration of the court's
2   May 1, 2014 order and judgment (doc. 25 & 26) regarding defendants' motion to dismiss for lack
3   of personal jurisdiction (doc. # 27), be DENIED as moot.
4   IT IS FURTHER ORDERED that defendants' motion for sanctions pursuant to federal
5   rule of civil procedure 11 (doc. # 33) be DENIED as moot.
6   DATED October 1, 2014.

*[signature: James C. Mahan]*
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**