1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

FRANCINE DYCHIUCHAY,

                              Plaintiff(s),

        v.

DAVID GRIESHABER, et al.,

                              Defendant(s).

Case No. 2:14-CV-354 JCM (GWF)

ORDER

Presently before the court is defendants David Grieshaber's and Aradia Investments, Inc.'s ("defendants") motion for reconsideration of order (doc. # 36) granting plaintiff's motion to remand to state court for lack of subject matter jurisdiction (doc. # 28). (Doc. # 37). Plaintiff Francine Dychiuchay has filed a response (doc. # 40), and defendants have filed a reply (doc. # 44).

**I.      Background**

This case stems from a 1998 written contract. (*See* doc. # 25). Plaintiff agreed to model for explicit photos for defendants' website. (*See* doc. # 1). The parties negotiated and executed the contract in California. (*See id.*). At that time, all parties were citizens of California. (*See id.*). Plaintiff relocated to Las Vegas around 2004 and continued to perform under the agreement. Plaintiff requested the site be taken down at some point in 2013.

Plaintiff filed a complaint in the Eighth Judicial District Court for Clark County, Nevada on February 11, 2014. (Doc. # 25). Defendants removed this action on March 7, 2014 to federal court (doc. # 1) and filed a motion to dismiss for lack of personal jurisdiction on March 12, 2014 (doc. # 4). This court held oral argument on April 21, 2014.

James C. Mahan
U.S. District Judge

1

2      Defendants argued that this court did not have personal jurisdiction over defendants and

3   must dismiss the case.  Plaintiff argued that she had been a resident of Nevada for the past ten

4   years and defendants, who market themselves world-wide, maintained contacts with her.

5   Therefore, plaintiff asserted that defendants maintained sufficient minimum contacts in the state

6   of Nevada for this court to have personal jurisdiction over defendants.

7      On April 21, 2014, the court heard arguments on defendants' motion to dismiss for lack of

8   personal jurisdiction.  (Doc. # 22).  The court found defendants did not have sufficient minimum

9   contacts with the state of Nevada for the court to exercise personal jurisdiction over defendants.

10  Accordingly, the court granted defendants' motion to dismiss from the bench and ordered

11  defendants to submit a proposed order by April 28, 2014.  (Doc. # 22).

12      On May 1, 2014, the court signed defendants' proposed order granting defendants' motion

13  to dismiss for lack of personal jurisdiction.  (Doc. # 25).  Clerk's judgment was granted in favor

14  of defendants and the case was closed.  (Doc. # 26).

15      On May 7, 2014, plaintiff filed a motion asking the court to reconsider its May 1, 2014,

16  order and clerk's judgment (docs. ## 25, 26) dismissing the case for lack of personal jurisdiction.

17  (Doc. # 27).  On May 8, 2014, plaintiff filed a separate motion to remand the action to state court.

18  (Doc. #28).

19      Plaintiff's motion to remand argued, for the first time, that the court lacked subject matter

20  jurisdiction over the case because plaintiff and defendants were not completely diverse.  (*See id.*).

21  Defendants responded that, 'Plaintiff has cleverly couched her motion as one based on "lack of

22  subject matter jurisdiction' even though Plaintiff is well aware that removal to this Honorable

23  Court was based upon diversity jurisdiction pursuant to 28 U.S.C. §§§ 1332, 1441, and 1446."

24  (Doc. # 30).  Because defendants did not view subject matter jurisdiction as being at issue,

25  defendants asserted that plaintiff "was required to file a motion seeking remand within thirty (30)

26

27

28

**James C. Mahan**
**U.S. District Judge**

- 2 -

days from the March 7, 2014 date of removal of this matter."[1]  Therefore, defendants asserted that plaintiff's motion to remand was untimely under 28 U.S.C. § 1447(c).  (Doc. # 30).

Defendants viewed plaintiff's motion to remand for lack of subject matter jurisdiction as so baseless that they filed a motion asking the court to impose sanctions on plaintiff under Federal Rule of Civil Procedure.  (Doc. # 29).

Therefore, at this time, the court had before it three pending motions: (1) plaintiff's motion to reconsider (doc. # 27), (2) plaintiff's motion to remand (doc. # 28), and (3) defendants' motion for sanctions (doc. # 33).

First, the court looked at plaintiff's motion to remand for lack of subject matter jurisdiction.  (Doc. # 28).  The court, assessing its subject matter jurisdiction under 28 U.S.C. § 1332(a), found that, despite plaintiff's assertions, complete diversity did exist.  (*See* doc. # 36).  The court found, however, that the requisite amount in controversy under § 1332(a) had not been met.  (*See* doc. # 36).  Therefore, the court held that it lacked subject matter jurisdiction over the case and granted plaintiff's motion to remand to state court.  Based on the court's decision to remand, the court denied both plaintiff's motion to reconsider (doc. # 27) and defendants' motion for sanctions (doc. # 33) as moot.  (*See* doc. # 36).

Defendants filed the instant motion for reconsideration of the court's October 1, 2014, order (doc. # 36), and ask the court to reconsider its remand of this case to state court.

## II.    Legal Standard

A motion for reconsideration "should not be granted, absent highly unusual circumstances."  *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).  Reconsideration "is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law."  *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

---

[1] Defendants state in the instant motion for reconsideration that defendants also argued that plaintiff's motion to remand was untimely under 28 U.S.C. § 1447(c), because it was made after final judgment had been entered.

James C. Mahan
U.S. District Judge

Rule 59(e) "permits a district court to reconsider and amend a previous order," however "the rule offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (internal quotations omitted).

### III.   Discussion

   A.   *Defendant's motion for reconsideration of the court's order remanding the case to state court (doc. # 37)*

      1.   *Timeliness of the court's remand*

Defendants assert that the court's decision to remand this case was untimely under § 1447(c) because it was made after final judgment had been entered.  Therefore, defendants assert that this court should reverse its October 1, 2014, order and issue a new order denying plaintiff's motion to remand.

28 U.S.C. § 1447(c) states, "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a).  If at any time *before final judgment* it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c) (emphasis added).

Defendants argue that this court's remand post-judgment was improper and should be reversed.   To support this proposition, defendants cite *Sheet Metal Workers' International Association v. Carter*, 450 U.S. 949 (1981).  (*See* doc. # 37).  The court notes, as does plaintiff, that the *Sheet Metal* case does not provide an opinion on the merits from the Supreme Court. Instead, it is a dissent to the Supreme Court's denial of certiorari of a Fifth Circuit case by then-Justice Rehnquist.  *See In re Carter*, 618 F.2d 1093 (5th Cir. 1980), *cert. denied sub nom. Sheet Metal Workers' Int'l Ass'n v. Carter*, 450 U.S. 949 (1981) (Rehnquist, J., dissenting); *see also* (doc. # 40).  A dissent to the Supreme Court's denial of certiorari to a Fifth Circuit case does not provide any precedent by which this court is bound.  Further, the Fifth Circuit case from which Rehnquist's dissent stems, likewise does not bind this court.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Defendants also cite another Fifth Circuit case, *Hays County Guardian v. Supple*, 969 F.2d 111 (5th Cir. 1992), to argue that the court should reverse its order remanding the case to state court.  Defendants say that in *Hays*, the Fifth Circuit found that remand as a part of the final judgment on the merits was not authorized by § 1447(c).  (*See* doc. # 37).  While true, defendants omit the Fifth Circuit's holding that, though remand was not authorized by § 1447(c), the district court properly remanded the claims post-final judgment based on lack of subject matter jurisdiction.  *See Hays*, 969 F.2d at 124-125.

After the entry of final judgment, the ability of a party to secure remand of an action for want of federal subject matter jurisdiction depends on the particular circumstances of the case.  *See Wright & Miller, 14C Fed. Prac. & Proc. Juris.. § 3739 Remand* (4th ed.).  In *American Fire & Casualty Co. v. Finn*, 341 U.S. 6 (1951), the Supreme Court recognized that, if the federal court never could have exercised original jurisdiction over the case, a removing defendant may have the case remanded even after judgment has been rendered against him.  *Id.* at 542.

*Finn* notes that there are cases which uphold judgments in the district courts even though there was no right to removal.  *Id.* at 541.  In those cases, however the federal trial court would have had original jurisdiction of the controversy had it been brought in the federal court in the posture it had at the time of the actual trial of the cause or of the entry of the judgment.  *Id.*  In *Finn*, the district court would not have had original jurisdiction of the suit at the time of the initial complaint, nor at the time of judgment, because of a failure to meet diversity jurisdiction requirements.  *See id.*

*Grubbs v. General Electric Credit Corp.*, 405 U.S. 699 (1972), advised that remand is not appropriate, despite erroneous removal, if the federal district court would have had subject matter jurisdiction of the suit had it been filed that court.  *See id.* at 702.  ("Longstanding decisions of this Court make clear . . . that where after removal a case is tried on the merits without objection and the federal court enters judgment, the issue in subsequent proceedings on appeal is not whether the case was properly removed, but whether the federal district court would have had original jurisdiction of the case had it been filed in that court.")

**James C. Mahan**
**U.S. District Judge**

- 5 -

In deciding whether post-judgment remand was proper, the Supreme Court in both *Grubbs* and *Finn* focused on whether the district court would have had subject matter jurisdiction either 1) upon filing of the complaint had it been filed in the district court, or 2) at the time of final judgment. Therefore, if the court determines that it did not have subject matter jurisdiction at the filing of the complaint nor at the time of final judgment, remand is appropriate.

The ability for courts to remand post-final judgment comports with the principle that jurisdiction of the federal courts is carefully guarded against expansion by judicial interpretation or by prior action or consent of the parties. *Finn*, 341 U.S. at 542. To permit a federal trial court to enter a judgment in a case removed without right from a state court where the federal court could not have original jurisdiction of the suit even in the posture it had at the time of judgment, would by the act of the parties work a wrongful extension of federal jurisdiction and give district courts power Congress has denied them. *Id.*

Defendants are correct that this court's May 1, 2014, order dismissing the case for lack of personal jurisdiction over defendants constituted final judgment and that remand was not authorized under § 1447(c). Remand is still appropriate, however, if the court decides that it did not have subject matter jurisdiction when the complaint was filed or when final judgment was entered.

### 2. Subject matter jurisdiction

For a district court to have diversity jurisdiction under 28 U.S.C. § 1332, parties must be completely diverse and the amount in controversy must exceed $75,000. *See* 28 U.S.C. § 1332(a); *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1098 (9th Cir. 2003).

Where the complaint does not establish the amount in controversy, the "removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds [$75,000]." *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996); *see also Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 701 (9th Cir. 2007); *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

James C. Mahan
U.S. District Judge

- 6 -

The court finds upon review of the record that plaintiff's complaint and accompanying exhibits do, in fact, establish that the amount in controversy has been met.  The court's prior reading of the complaint and accompanying exhibits interpreted the time period of plaintiff's alleged loss as approximately six months—beginning at the time plaintiff informed defendants that she wanted to cancel her contract and continuing through the date plaintiff filed her complaint. . . .

Upon further review, plaintiff's complaint, while inartfully pleaded, appears to allege a period of loss beginning in November 1998, when the website was created.  This amounts to a fifteen-year time period where plaintiff alleges that she should have received "a division of profits which would have far exceeded the approximately $2,000.00 to $3,000.00 [she] received most months."  (*See* doc. #1, Exh. C, at 4:25-28).

Additionally, the court reaffirms its prior finding that diversity in this case is complete. (*See* doc. # 36, at 4-6).  Therefore, the court finds that it does appropriately have subject matter jurisdiction in this case.

Accordingly, the court's prior order granting plaintiff's motion to remand (doc. # 28) and denying plaintiff's motion for reconsideration (doc. # 27) and motion for sanctions (doc. # 33) as moot will be vacated.  The court will consider plaintiff's motion for reconsideration and motion for sanctions on the merits at this time.

> B.  *Plaintiff's motion for reconsideration of the court's May 5, 2014, order granting defendants' motion to dismiss (doc. # 27)*

In order to have specific jurisdiction, the defendants must have made deliberate contact "with the forum state that relates to the cause of action."  *Burger King v. Rudzewicz*, 471 U.S. 462, 472 (1985).

The Ninth Circuit has established a three-part test to determine whether specific jurisdiction comports with due process: (1) the nonresident defendant must have done some act or consummated some transaction by which he purposely avails himself of the privilege of conducting activities in the forum; (2) the claims must arise out of the defendant's forum-related activities; and (3) the exercise of jurisdiction must be reasonable.  *Data Disc, Inc. v. Sys. Tech.*

1

2

*Assocs., Inc.*, 557 F.2d 1280, 1287 (9th Cir. 1977).  The plaintiff bears the burden of establishing the first two prongs.

Plaintiff fails to show any newly discovered evidence, changes in controlling law, or clear error in the court's May 1, 2014.  (*See* docs. ## 25, 27).  The parties negotiated and executed their contract in California in 1998.  Plaintiff was a citizen of California at the time the parties executed the contract.  Plaintiff remained a California citizen for six years after the parties executed the contract.

Plaintiff unilaterally decided to move to Nevada from California six years after the execution of the contract.  Adopting plaintiff's logic, defendants would be forced to breach the contract or submit to jurisdiction in any state where plaintiff unilaterally decided to move.  This result is absurd.  Accordingly, the court affirms its prior holding that this court has no personal jurisdiction over defendants.

### C.  Defendants' motion for sanctions (doc. # 33)

Defendants seek attorneys' fees under Federal Rule of Civil Procedure 11.  Rule 11 "discourages wasteful, costly litigation battles by mandating the imposition of sanctions when a lawyer's position, after reasonable inquiry, will not support a reasonable belief that there is a sound basis in law or in fact for the position taken." *Golden Eagle Distrib. Corp. v. Burroughs Corp.*, 801 F.2d 1531 (9th Cir. 1986).

Defendants assert that they are entitled to attorneys' fees because plaintiff's motion to remand based on lack of subject matter jurisdiction was meritless and a ploy to distract from plaintiff's untimely filing of the motion to remand.  (Doc. # 33).   Defendants request Rule 11 sanctions in the amount of $810.00.[2]

Plaintiff asserts that Rule 11 sanctions are not appropriate, since challenges to the court's subject matter jurisdiction may be raised at any time under 28 U.S.C. § 1447(c).

---

[2] Defendants seek $810.00 based on the calculation of 3.6 hours of legal work, at the rate of $225.00 per hour, which was required to research and draft defendants' opposition to plaintiff's motion to remand.

James C. Mahan
U.S. District Judge

- 8 -

Plaintiff's motion sought remand based on lack of diversity jurisdiction.  As discussed above, remand under 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction is still appropriate regardless of whether final judgment has been entered.  Further, the court does not believe plaintiff's motion to remand based on lack of diversity was brought frivolously or for purposes of delay.  Therefore, the court will decline to issue the requested Rule 11 sanctions.

. . .

. . .

**IV.      Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants David Grieshaber's and Aradia Investments, Inc.'s motion for reconsideration of this court's October 1, 2014, order (doc. # 37) be, and the same hereby is, GRANTED.  This court's October 1, 2014, order granting plaintiff's motion to remand to state court for lack of subject matter jurisdiction (doc. # 28) and denying as moot plaintiff's motion for reconsideration (doc. # 27) and defendants' motion for sanctions (doc. # 33) be, and the same hereby is, VACATED.

IT IS FURTHER ORDERED that, upon reconsideration, plaintiff's motion to remand to state court for lack of subject matter jurisdiction (doc. # 28) is DENIED.

IT IS FURTHER ORDERED that defendants' motion for sanctions (doc. # 33) and motion to stay (doc. # 39) are DENIED.

IT IS FURTHER ORDERED that plaintiff's motion for reconsideration of this court's May 1, 2014, order (doc. # 27) is DENIED.  The court hereby affirms its May 1, 2014, order (doc. # 25) granting defendants' motion to dismiss for lack of personal jurisdiction and judgment in favor of defendants (doc. # 26).

The case is dismissed for lack of personal jurisdiction over defendants.  The clerk of court shall enter judgment in favor of defendants.

DATED February 4, 2015.

_James C. Mahan_
UNITED STATES DISTRICT JUDGE

James C. Mahan
U.S. District Judge